GABRIELLE LEVIN (*pro hac vice forthcoming*)
  glevin@gibsondunn.com
STEPHANIE L. SILVANO (Bar No. 168182016)
  ssilvano@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HARPER,<br><br>              Plaintiff,<br><br>      v.<br><br>AMAZON.COM SERVICES, INC.,<br>and JOHN DOES 1–5 AND 6–10,<br><br>              Defendants. | Civil Action No.  3:20-cv-9771<br><br>[Removal from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part Docket No. MER-L-1146-20]<br><br>Action Filed:  June 26, 2020 |

### DEFENDANT AMAZON.COM SERVICES, INC.'S
### <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441,

1446, and 1453, Defendant Amazon.com Services, Inc.[1] ("Amazon" or

---

[1]  Amazon.com Services, Inc., now Amazon.com Services LLC, did not contract with Plaintiff, does not concede it is a properly named defendant, and reserves all rights to assert that it has been improperly named in this action.  Amazon

"Defendant") hereby removes this action from the Superior Court of New Jersey,

Mercer County, Law Division, Civil Part, where it is pending as Case No. MER-L-

1146-20, to the United States District Court for the District of New Jersey.  The

Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because

complete diversity of citizenship exists between Plaintiff and Defendants, and the

amount in controversy exceeds $75,000, exclusive of interest and costs.  Grounds

for removal are as follows:

## **PROCEDURAL BACKGROUND**

1.      On June 26, 2020, Plaintiff Robert Harper ("Plaintiff") filed a

complaint against Defendant in the Superior Court of New Jersey for Mercer

County, Law Division, Civil Part captioned *Robert Harper v. Amazon.com*

*Services, Inc. and John Does 1–5 and 6–10*, Docket No. MER-L-1146-20 (the

"State Court Action").

2.      On July 2, 2020, Plaintiff served copies of the Summons, Complaint,

and Civil Case Cover Sheet on Amazon.  Copies of these documents, as well as the

Proof of Service filed on July 2, 2020, are attached hereto as Exhibit A and Exhibit

B, respectively.

---

Logistics, Inc. is the entity with which Plaintiff contracted and, as such, is the
proper defendant in this action.

3.     As of this date, no further pleadings have been filed or served in the State Court Action, and no further proceedings have been conducted in the State Court Action.

4.     In his Complaint, Plaintiff asserts a retaliation claim under the New Jersey Wage Payment Law ("NJWPL").  Compl. ¶¶ 41–43.

5.     Plaintiff's Complaint seeks an unspecified amount of compensatory damages, including for alleged "emotional distress and personal hardship," as well as "interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, liquidated 'treble' damages as allowed under the [NJ]WPL, equitable reinstatement, equitable instatement or promotion and any other relief the Court deems equitable and just."  Compl. at 6.

6.     For purposes of this removal only, Amazon assumes Plaintiff's allegations are true.

## REMOVAL IS TIMELY

7.     Plaintiff served Amazon on July 2, 2020.  Because Defendant's Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

8.     28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant." Here, removal is proper under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

9.      Removal is also proper because this Court is the district court "for the district and division embracing the place where such action is pending," and because Defendant is not a citizen of the State in which this action was brought. 28 U.S.C. § 1441.

10.      Amazon denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief requested. However, based on the allegations in the Complaint and the prayer for relief, all requirements for jurisdiction under 28 U.S.C. § 1332 have been met. Accordingly, this Court has original jurisdiction over this action.

## I.      The Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

11.      Complete diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, removal is proper under 28 U.S.C. § 1441(a).

### A.      There Is Complete Diversity Between Plaintiff and Defendants

12.      Plaintiff is a citizen and resident of New Jersey. Compl. ¶ 1.

13.    Defendant Amazon is a Delaware corporation and has its principal place of business in Seattle, Washington.  Therefore, Amazon is a citizen of Delaware and Washington.[2]

14.    The citizenship of JOHN DOES 1–5 AND 6–10 should be disregarded for purposes of assessing jurisdiction.  *See* 28 § U.S.C. 1441(b)(1) ("In determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious names shall be disregarded.").

15.    Accordingly, there is complete diversity between Plaintiff and Defendants.

**B.    The Amount in Controversy Exceeds $75,000**

16.    Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."  Although Amazon denies liability and denies that Plaintiff will be entitled to recover any damages or fees, it is appropriate to examine the amount placed in controversy should Plaintiff prevail.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

17.    Plaintiff has not specified in the Complaint the amount of damages he seeks.  Accordingly, Amazon's Notice of Removal need only make a "plausible

---

[2]  Amazon Logistics, Inc.—the proper defendant in this case—is a Delaware corporation with its principal place of business in Seattle, Washington.

allegation" that the amount in controversy exceeds the jurisdictional threshold, which should be accepted unless contested by Plaintiff or questioned by the Court. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.

18.    In Count I of his Complaint, Plaintiff seeks damages based on his allegation that Amazon retaliated against Plaintiff in violation of the NJWPL. Compl. ¶¶ 41–43.  If Plaintiff prevails on this claim, he would be entitled to recover the full amount of any wages due, "plus an amount of liquidated damages equal to not more than 200 percent of the wages due."  N.J.S.A. 34:11-4.10.[3] Assuming only for purposes of calculating the amount in controversy that Plaintiff continued to work at the same rate and would be entitled to two years of back pay and/or front pay, without offset, Amazon reasonably estimates that the amount in controversy for Plaintiff's damages for lost wages (including front pay and back pay) and liquidated damages is $70,000.

19.    In Count II of his Complaint, Plaintiff requests equitable reinstatement, with equitable back pay and front pay, "including all lost wages,

---

[3]  While Plaintiff's Complaint purports to seek "treble" damages and "emotional distress" damages, such damages are not available under the NJWPL.  *See* N.J.S.A. 34:11-4:10(c) (allowing workers to recover "an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due" and not listing "emotional distress damages" among the recoverable damages).

benefits, fringe benefits and other remuneration." Compl. ¶¶ 48–49. These damages are duplicative of the damages that Plaintiff seeks under the NJWPL.

20.     Additionally, attorneys' fees may be awarded for violations of the New Jersey Wage Payment Law. *See* N.J.S.A. 34:11-4.10.

21.     Claims for attorneys' fees are properly included in determining the amount in controversy for diversity jurisdiction purposes. *See, e.g.*, S*uber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *Alegre v. Atl. Cent. Logistics*, No. 15-2342, 2015 WL 4607196, at *6 (D.N.J. July 31, 2015) ("Plaintiff seeks reasonable attorneys' fees as part of the class recovery, and the assessment of the amount in controversy must account for that relief.").

22.     Reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001).

23.     Here, it is a reasonable estimate that Plaintiff's individual retaliation case will require at least 200 hours of work by Plaintiff's attorneys.

24.     According to recent filings by Plaintiff's law firm Costello & Mains, LLC, the hourly rate for partners at the firm ranges from $300 to $500 per hour. *See, e.g.*, *Davis v. Husain*, No. A-2691-11T2, 2013 WL 949496, at *2, *8 (N.J. Super. Ct. App. Div. Mar. 13, 2013) (affirming award of fees to Costello & Mains,

LLC partners at the hourly rates of $300 and $375); *Norton v. Karistos Corp.*, No. CAM-L-4575-11, 2014 WL 1511276 (N.J. Super. Ct. Feb. 3, 2014) (awarding fees to two partners of Costello & Mains, LLC at the hourly rates of $425 and $500).

25.    Although Defendant denies that Plaintiff's claims have any merit, Defendant avers, for purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery easily exceeds $75,000. Assuming conservatively 200 hours of attorney work at an average hourly rate of $400, attorneys' fees alone could total more than $75,000. Together, the attorneys' fees and any damages Plaintiff may recover in the case plausibly exceed the amount in controversy requirement.

26.    Therefore, the total amount in controversy in this case—*inter alia*, actual damages, liquidated damages, and attorneys' fees—plausibly exceeds the $75,000 minimum necessary for diversity jurisdiction.

## II.    The Court Has Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(a).

27.    This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over these claims because "they form part of the same case or controversy" as claims over which the Court has original jurisdiction.  28 U.S.C. § 1367(a).

28.    On November 13, 2019, Plaintiff filed a class action complaint on behalf of himself and a putative class against Defendant, alleging that Amazon

failed to pay him proper wages and overtime pay in violation of New Jersey law. *Robert Harper v. Amazon.com Services, Inc. and John Does 1-5 and 6-10*, Civil Action No. 19-cv-21735-FLW-ZNQ (D.N.J. Dec. 20, 2019).

29.     This prior action is currently pending before the Honorable Freda L. Wolfson in the U.S. District Court for the District of New Jersey.

30.     The instant action involves identical parties and is based on the same dispute as Plaintiff's putative class action complaint.  Both complaints allege that Defendant acted in violation of the NJWPL based on the same facts.  No. 19-cv-21735-FLW-ZNQ at ECF No. 7; Ex. A (complaint filed in the State Court Action).

31.     Because the Court has original jurisdiction over the claims currently pending before the Court, it may exercise supplemental jurisdiction over Plaintiff's remaining claims.  *See, e.g.*, *Coffelt v. Fawkes*, 765 F.3d 197, 201 (3d Cir. 2014) (affirming the district court's exercise of supplemental jurisdiction over claim that "form[ed] part of the same case of controversy" as the parties' related claims over which the court had original jurisdiction).

## NOTICE

32.     Amazon will promptly serve Defendant's Notice of Removal on Plaintiff and will promptly file a copy of Defendant's Notice of Removal with the Clerk of the Superior Court of New Jersey for Mercer County, in which the action is pending, as required under 28 U.S.C. § 1446(d).

33.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon, as well as other documents filed in the State Court Action, are filed concurrently with this Notice of Removal as Exhibits A and B.

## **CONCLUSION**

34.     Defendant reserves the right to amend or supplement this Notice of Removal as may be appropriate.

35.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded any claims upon which relief may be granted.

36.     Should Plaintiff move to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing.

WHEREFORE, Amazon requests that this action be removed from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part to the United States District Court for the District of New Jersey.

Dated:  July 31, 2020

Respectfully submitted,


By:  /s/ Stephanie L. Silvano

GABRIELLE LEVIN
  glevin@gibsondunn.com
STEPHANIE L. SILVANO
  (Bar No. 168182016)
  ssilvano@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Defendant*

## <u>LOCAL CIVIL RULE 11.2 VERIFICATION</u>

I, Stephanie L. Silvano, hereby certify that the matter in controversy is related to another action, captioned as *Robert Harper v. Amazon Flex; Amazon.com Services, Inc. and John Does 1–5 and 6–10*, Civil Action No. 3:19-cv-21735-FLW-ZNQ (Dec. 20, 2019), pending in the United States District Court, District of New Jersey before the Honorable Freda L. Wolfson, U.S.D.J.

Dated: July 31, 2020

/s/ Stephanie L. Silvano
Stephanie L. Silvano, Esq.

12